UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

AMANDA L. M.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

Defendant.

CASE NO. 3:25-cv-05814-GJL

SOCIAL SECURITY DISABILITY
APPEAL ORDER

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local

Magistrate Judge Rule 13. *See also* Consent to Proceed Before a United States Magistrate Judge,

Dkt. 2. This matter has been fully briefed. *See* Dkts. 10, 12, 13.

Having considered the Administrative Record (AR) and all memoranda, the Court

concludes that the Administrative Law Judge (ALJ) committed harmful error when she failed to

properly consider Plaintiff's mental impairments at Step Two of the Social Security sequential

process. Therefore, this matter is **REVERSED** and **REMANDED** pursuant to sentence four of

42 U.S.C. § 405(g) to the Commissioner of the Social Security Administration for further

proceedings consistent with this Order.

SOCIAL SECURITY DISABILITY APPEAL ORDER - 1

## I.    PROCEDURAL HISTORY

On April 24, 2023, Plaintiff filed a claim for Supplemental Security Income (SSI). AR 95. Her claim was denied initially on September 19, 2023, and upon reconsideration on February 26, 2024. AR 95, 114. On November 7, 2024, the ALJ entered a decision concluding that Plaintiff was not disabled. AR 17–26. On July 31, 2025, Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision subject to judicial review. AR 1. On September 15, 2025, Plaintiff filed a complaint with this Court seeking judicial review of the ALJ's decision. Dkt. 4. Defendant filed the sealed Administrative Record in this matter on November 14, 2025. Dkt. 7.

## II.    BACKGROUND

Plaintiff was born on January 19, 1982, and was forty years old on February 23, 2022, her alleged date of disability onset. AR 95. Plaintiff has a limited (tenth grade) education. AR 264, 730. In her decision, the ALJ found that Plaintiff suffers from the severe impairments of obesity and migraines. AR 19. The ALJ found that Plaintiff was not disabled prior to her Date Last Insured (DLI) because she had the following Residual Functional Capacity (RFC):

> [T]o perform light work as defined in 20 CFR 416.967(b) except she can stand and/or walk up to 5 hours and sit for up to 6 hours. She can frequently climb ramps or stairs. She can frequently balance, stoop, kneel, and crouch. She can occasionally crawl. She cannot climb ladders, ropes, or scaffolds. She should avoid concentrated exposure to industrial levels of vibration, respiratory irritants, and hazards.

AR 21–22.

## III.    DISCUSSION

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of benefits if the ALJ's findings are based upon legal error or are not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). Substantial evidence is "such

SOCIAL SECURITY DISABILITY APPEAL ORDER - 2

relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (citation omitted). "We review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which [they] did not rely." *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014).

First, Plaintiff argues that the ALJ erred in finding that her medically determinable mental impairments were not severe impairments at Step Two. Dkt. 10 at 3. Specifically, she contends that the "ALJ's analysis of the medical opinion evidence addressing Plaintiff's mental impairments is brief, conclusory, not supported by substantial evidence, and is not sufficient to allow for meaningful review." *Id.* at 6.

At Step Two, the ALJ must determine "whether the claimant has a medically severe impairment or combination of impairments." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996); 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment is not "severe" if it does not "significantly limit" the ability to conduct basic work activities. *Id.* §§ 404.1522(a), 416.922(a). Basic work activities are defined as the "abilities and aptitudes necessary to do most jobs." *Id.* §§ 404.1522(b), 416.922(b). In considering whether a claimant's mental impairments are severe, the ALJ considers four broad functional areas: understand, remember, or apply information; interact with others; concentrate, persist, or maintain pace; and adapt or manage oneself. *Id.* §§ 404.1520a(c)(3), 416.920a(c)(3). The ALJ then rates the degree of the claimant's limitation in these areas on a five-point scale, "[n]one, mild, moderate, marked, [or] extreme." *Id.* §§ 404.1520a(c)(4), 416.920a(c)(4). If the ALJ rates the degree of limitation as "none" or "mild" in all four areas of functioning, then the mental impairment is not "severe, unless the evidence otherwise indicates that there is more than a minimal limitation in [the claimant's] ability to do basic work activities." *Id.* §§ 404.1520a(d)(1), 416.920a(d)(1).

SOCIAL SECURITY DISABILITY APPEAL ORDER - 3

Plaintiff underwent a psychological evaluation by Dr. Cunningham on October 10, 2023, AR 729–39, wherein Dr. Cunningham conducted the Beck Anxiety Inventory (BAI) and the Beck Depression Inventory-II (BDI-II) tests on Plaintiff. AR 731, 736–38. First, Dr. Cunningham opined that Plaintiff "meets [the] criteria for PTSD as defined by the DSM-5" due to childhood abuse, and that Plaintiff "is hypervigilant with feelings of paranoia[,]" she has "flashbacks and recurrent and intense intrusive thoughts[,]" as well as "nightmares and night terrors . . . memory gaps about [her] traumas[,]" and "feels disconnected from others." AR 730–31.

Next, Dr. Cunningham opined that Plaintiff "meets [the] criteria for depression as defined by the DSM-5" in that "[s]he gets little enjoyment in life[,] [s]he feels sad most of the time[,] [s]he feels hopeless and discouraged about her future[,] [s]he isolates[,] [s]he cannot sleep[,] feels tired all the time[,]" she "has no energy" and "scored a 42 on the BDI-II." AR 731.

Finally, Dr. Cunningham determined that Plaintiff "meets [the] criteria for anxiety, agoraphobia, and panic disorder as defined by the DSM-5" because she "experiences anxiety and apprehension more days than not[,] [s]he finds it difficult to control [her] feelings[,] [s]he feels restless, is easily fatigued[,] irritable[,] and has trouble concentrating." *Id.* Dr. Cunningham observed that Plaintiff's "symptoms cause clinically significant impairment in her personal, social and occupational life" and that Plaintiff's "feelings of anxiety increase when she is in public places." *Id.*

Dr. Cunningham's evaluation also opined that Plaintiff had "marked" limitations in Plaintiff's ability to: understand, remember, and persist in tasks by following detailed instructions; to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision; to learn new tasks; to adapt to changes

SOCIAL SECURITY DISABILITY APPEAL ORDER - 4

in a routine work setting; to communicate and perform effectively in a work setting; to maintain appropriate behavior in a work setting; and to complete a normal work day and work week without interruptions from psychologically based symptoms. AR 732. Finally, Dr. Cunningham observed Plaintiff's affect at the psychological evaluation "was blunted[,]" she "exhibited very low energy[,]" AR 733, that Plaintiff "did not know the name of the first president[,]" could not "count backward by 3 or spell a word backward" and "has thoughts of suicide but would not act on them 'because of people who love [her].'" AR 734.

The ALJ concluded that Plaintiff only had "mild limitation" in the four functional areas and her medically determinable impairments of anxiety, depression, and PTSD were "nonsevere." AR 20. Later in the decision, the ALJ found Dr. Cunningham's opinion that Plaintiff had "marked overall impairment [wa]s not persuasive." AR 24. The ALJ found that "[t]hese limitations are not entirely supported by [Dr. Cunningham's] exam findings which noted some impairment but indicate that they were in part based on [Plaintiff]'s self-reports[.]" *Id.* The ALJ also found that "the degree of impairment noted in [Dr. Cunningham's] opinion [wa]s inconsistent with the lack of engagement in mental health treatment, [Plaintiff]'s own statements primar[ily] complaining of an inability to work due to physical symptoms, and with the largely unremarkable mental status evaluations noted throughout the record." *Id.*

For SSI applications filed after March 27, 2017, in evaluating medical opinion evidence, ALJ's "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)[.]" 20 C.F.R. §§ 404.1520c(a), 416.920c(a).[1] Rather, ALJ's must consider every medical opinion or prior administrative medical

---

[1] The regulations regarding the evaluation of medical opinion evidence have been amended for claims filed on or after March 27, 2017. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5867–68, 5878–79 (Jan. 18, 2017). Because Plaintiff's application was filed after that date, the new regulations apply. *See* 20 C.F.R. §§ 404.1520c, 416.920c.

finding in the record and evaluate the persuasiveness of each one using specific factors. *Id.* The critical factors in an ALJ's determination of persuasiveness are the "supportability" and "consistency" of each opinion. *Id.* §§ 404.1520c(b)(2), 416.920c(b)(2).

"Supportability means the extent to which a medical source supports the medical opinion by explaining the 'relevant . . . objective medical evidence.'" *Woods v. Kijakazi*, 32 F.4th 785, 791–92 (9th Cir. 2022) (quoting 20 C.F.R. § 404.1520c(c)(1)); *see also id.* at § 416.920c(c)(1). A medical opinion is more "supportable," and therefore more persuasive, when the sources provide ample relevant "objective medical evidence and supporting explanations" for their medical opinion. *Id.* "Consistency means the extent to which a medical opinion is 'consistent . . . with the evidence from other medical sources and nonmedical sources in the claim.'" *Woods*, 32 F.4th at 792 (quoting 20 C.F.R. § 404.1520c(c)(2)); *see also id.* at § 416.920c(c)(2).

Critically, an ALJ must articulate "how [they] considered the supportability and consistency factors for a medical source's medical opinions" when making their decision. *Id.* §§ 404.1520c(b)(2), 416.920c(b)(2). "Even under the new regulations, an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence." *Woods*, 32 F.4th at 792. Indeed, "[i]f a claimant has submitted evidence of a severe impairment, we analyze an ALJ's step-two denial by asking 'whether the ALJ had substantial evidence to find that the medical evidence clearly establish [the claimant] did not have a medically severe impairment or combination of impairments.'" *Glanden v. Kijakazi*, 86 F.4th 838, 844 (9th Cir. 2023) (citation omitted).

First, the ALJ found Dr. Cunningham's opinion was "not entirely supported" because her exam findings were "in part based on [Plaintiff]'s self-reports[,]" despite the ALJ previously acknowledging that Plaintiff had at least "some impairment" due to her medically determinable

impairments of depression, anxiety, and PTSD. AR 20, 24. As an initial matter, the Court observes that the medical opinion was also "in part based" upon Dr. Cunningham's *own* clinical observations of Plaintiff, including Plaintiff's "blunted" affect, her "very low energy[,]" and the BAI and BDI-II tests conducted on Plaintiff, not merely upon Plaintiff's self-reports. AR 733, 736–37.

It is well-established, however, that "the rule allowing an ALJ to reject opinions based on self-reports does not apply in the same manner to opinions regarding mental illness." *Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017). "Psychiatric evaluations may appear subjective, especially compared to evaluation in other medical fields[,] [therefore,] [d]iagnoses will always depend in part on the patient's self-report, as well as on the clinician's observations of the patient." *Id.* For these reasons, "the report of a psychiatrist should not be rejected simply because of the relative imprecision of psychiatric methodology." *Id.* (brackets and ellipses omitted). In fact, a medical opinion's "partial reliance on [the claimant]'s self-reported symptoms is thus not a reason to reject [the physician's] opinion." *Id.* For this reason, the Court concludes the ALJ's decision to discount Dr. Cunningham's medical opinion because it was "in part based on [Plaintiff]'s self-reports" was erroneous.

The ALJ also observed that "the degree of impairment noted in [Dr. Cunningham's] opinion is inconsistent with the lack of engagement in mental health treatment[.]" AR 24. Nonetheless, the Ninth Circuit has long observed that "it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation." *Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996).

Moreover, the Court observes that the ALJ failed to discuss Dr. Cunningham's diagnosis of Plaintiff's agoraphobia, her observation that Plaintiff's "feelings of anxiety increase when she

is in public places" or that Plaintiff "avoids places and situations that might increase her fear and the panic attacks." AR 20, 731. The ALJ's finding that Plaintiff's lack of treatment was a basis for discounting Dr. Cunningham's opinion was error, and "[b]y glossing over [Plaintiff]'s complaints, depression screening[ ], and [other] reasons for declining counseling, the ALJ adopted a slanted view of the record on a threshold issue." *Salina S. v. Kijakazi*, No. 1:20-CV-00515-REP, 2022 WL 3700880, at *8 (D. Idaho Aug. 25, 2022).

Next, the ALJ also found Dr. Cunningham's opinion was inconsistent with Plaintiff's statements because "records from July 2024 show that the claimant underwent a mental health assessment and was referred for counseling, [but] there is no evidence of significant visits since that time and the assessment shows that [Plaintiff] largely complained of physical symptoms." AR 20. The existence—and Plaintiff's acknowledgement of—physical symptoms does not preempt Plaintiff from *also* suffering from mental impairments, nor does this observation constitute "substantial evidence."

To the contrary, Dr. Cunningham opined that Plaintiff had "marked" limitations on her ability to participate in basic work activities due to her mental impairments, and "an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence." *Woods*, 32 F.4th at 792; *see also Russell v. Colvin*, 9 F.Supp.3d 1168, 1186 (D. Or. 2022) (emphasis in original) (concluding that the ALJ "erred in not taking due consideration of [a psychologist]'s opinion as to [the plaintiff]'s limitations" where the psychologist observed that the plaintiff was "*more* impaired by her back condition than by her psychological condition, but [the psychologist] nonetheless observed numerous signs of a severe mental condition[.]"). Plaintiff's allegations of disability primarily due to *physical impairments* is not a sufficient reason for the ALJ to discount Dr. Cunningham's

medical opinion regarding Plaintiff's *mental impairments*. For this reason, the ALJ erred in concluding that Dr. Cunningham's opinion was not persuasive, in part, because it was inconsistent with Plaintiff's testimony "largely complain[ing] of physical symptoms." AR 24.

Finally, the ALJ found that Dr. Cunningham's opinion was inconsistent with "the largely unremarkable mental status evaluations noted throughout the record." *Id.* The Court observes that, in making this finding, the ALJ cites to no instances of "largely unremarkable mental status evaluations in the record." *Id.* This was error. *See Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003) ("We require the ALJ to build an accurate and logical bridge from the evidence to [their] conclusions so that we may afford the claimant meaningful review of the SSA's ultimate findings.").

At bottom, the Court concludes that the ALJ erred in considering Plaintiff's mental impairments at Step Two because "an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence." *Woods*, 32 F.4th at 792. Plaintiff "submitted evidence of a severe impairment" via Dr. Cunningham's psychological evaluation, and after analyzing the ALJ's Step Two denial of Plaintiff's severe mental impairments, the Court concludes that there was not "substantial evidence to [support the ALJ's] find[ing] that the medical evidence clearly establish[ed] [Plaintiff] did not have a medically severe impairment or combination of impairments.'" *Glanden*, 86 F.4th at 844 (citation omitted).

However, in many cases, the ALJ's failure to characterize impairments as "severe" may not prove harmful because the ALJ must consider *all* limitations and restrictions when formulating the RFC, even those stemming from impairments that are not "severe." *See Buck*, 869 F.3d at 1049; 20 C.F.R. § 404.1520(e). For this reason, the RFC "should be exactly the same

regardless of whether certain impairments are considered 'severe' or not" at step two, and so, ordinarily, a finding that an impairment is not severe at step two is harmless error. *Buck*, 869 F.3d at 1049.

"[H]armless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. § 404.1502(a). Generally, an error is harmless if it is not prejudicial to the claimant and is "inconsequential to the ultimate nondisability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006).

However, the RFC does not appear to have incorporated these rejected impairments, and therefore, the error is not harmless. On remand, the Court instructs the ALJ to reconsider Plaintiff's disability claim, beginning at Step Two, to determine whether Plaintiff's mental limitations, as observed in Dr. Cunningham's mental evaluation, constitute a severe impairment. For this reason, the Court need not consider Plaintiff's remaining arguments with respect to her subjective symptom testimony.

Plaintiff contends that the matter should be remanded for a directed award of benefits. Dkt. 10 at 18–19. The Court may remand a case "either for additional evidence and findings or to award benefits." *Smolen*, 80 F.3d at 1292. Generally, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004). Benefits should only be awarded where (1) the ALJ "has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence"; (2) where there are "no outstanding issues that must be resolved before a determination of disability can be made"; and (3) where "it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." *Smolen*, 80 F.3d at 1292.

Here, the Court determined that the ALJ must re-evaluate Plaintiff's mental health impairments at Step Two of the sequential evaluation process and assess RFC limitations consistent with the limitations caused by these impairments. Because there are outstanding issues that must be resolved before a determination of disability can be made, the proper course is to remand this matter to the agency for additional proceedings consistent with this order.

### IV.    CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Order.

Dated this 19th day of March, 2026.

Grady J. Leupold
United States Magistrate Judge

SOCIAL SECURITY DISABILITY APPEAL ORDER - 11